INHABITANTS OF WATERVILLE, *Petitioners for certiorari.*

A writ of *certiorari*, to quash the proceedings in the County Commissioners' Court, in the assessment, by means of a jury, of the damages sustained by an owner of land through the location of a town road upon it, is grantable only at the discretion of the court.

THE petition sets forth, *that* one Plummer, an owner of land in Waterville, had applied to the County Commissioners for an assessment of damages, sustained by the location and establishment of a town way across his farm ; *that,* after certain proceedings had, a jury assessed his damages at $100, and the County Commissioners adjudged that the town pay him that sum, and also pay costs $83,92 ; *that,* in taking cognizance of said application and acting thereon, the Commissioners proceeded illegally, and *that* errors appear in their record, viz : —

1. It does not appear by the record, that the Commissioners had any jurisdiction of the matter they acted upon.

2. It does not appear that the selectmen had made any adjudication on the subject of the damages; nor had they in fact made any.

3. It does not appear, that any town road had been laid over the land, nor in fact was there any legally located road there.

4. It does not appear that the jury examined the land, upon which the petitioner alleged the road to have been established, nor does it appear that the damages assessed by the jury were on account of such a location.

5. The costs allowed by the Commissioners were excessive and illegal.

*Smith*, for the petitioners, contended, that the town had no notice of the meeting of the jury, and to show that fact, he offers to read the sheriff's return.

COURT. Unless the return be on record, we cannot hear it. The *certificate of the jury* is in the records, saying, " we *have* heard the parties, their proofs and arguments."

*Smith.* That certificate shows the petitioners to have been present. But they appeared only to take advantage of errors in the previous proceedings. This is what we wish to show by the sheriff's return.

COURT. That return, not being on record, must be excluded.

*Smith.* If then the appearance before the jury is to be inferred, I hold it may also be inferred, that the appearance was merely to show there was no reason for any further proceedings by the jury; because, in fact, there had been no decision by the selectmen on the question of damages. The jurisdiction of the court must be shown by their records. *State v. Pownal*, 10 Maine, 24. But the records in this case do not show it.

1. They contain nothing to show that a road had been laid out.

2. They do not show that the supposed road was laid out within a year next before the petition was filed.

3. They contain nothing to show that the selectmen, before locating, had notified the parties, nor that the town meeting was called upon seven days notice; and there are many other deficiencies. All these things ought to have been shown to the County Commissioners, and by them adjudged to have been proved, and by them put upon record.

4. The Commissioners had but an appellate jurisdiction. In this case, as to damages, there had been no adjudication by the selectmen, from which to appeal. *Craigie* v. *Mellen*, 6 Mass. 7; *Harlow* v. *Pike*, 3 Maine, 438.

The selectmen ought to have estimated the damages, to enable the town to judge on the question of acceptance, and to give the land-owner a right to appeal. That not having been done, there was no legal road, and therefore no damage was sustained.

If, at the time of establishing a road, the damage be not provided for, there is no legal road. Const. Art. 1, § 21.

It does not appear, that the jury examined the route of the road. They only examined the farm.

The selectmen, in their report, described only a line, not a road.

*Morrill*, for County Commissioners.

1. The respondents' counsel objects, that the Commissioners had no jurisdiction, because it does not appear that the selectmen laid a road. It is a sufficient answer to say, the petition to the Commissioners described a location. The road was in process of being made when the jury were there.

Another objection is, that it does not appear that the application was *made* to the Commissioners within the year; but that is unfounded. The petition is *dated* within the year.

Another objection is, that the selectmen have not yet determined upon the amount of damage, and that, therefore, there was nothing for this petition to rest upon.

It is the location upon our land that has injured us. It is that which gives the right to recover damage.

*Morrill* then called a witness, who testified that the road has been actually made by the town, and upon the route described in Plummer's petition.

*Smith*, in reply.

Since the filing of this petition, the selectmen and the town, finding their former proceedings were invalid, have established a road there anew. Upon this last location, damage was assessed for Plummer, the amount of which is in readiness for him.

HOWARD, J., orally, — In the proceedings for ascertaining the amount of damage, there are some irregularities as to form, but in substance there was a compliance with the provisions of the law. The jury assessed $100. We are called upon to set their verdict aside.

That adjudication, having been made in due form, must stand until good cause be shown for vacating it.

The town contends that the County Commissioners had no jurisdiction; but we think otherwise. A petition was before them, upon a matter clearly within the scope of their duties. Upon that petition they were bound to act.

If the adjudication by the jury be quashed, the road stands good, and the land-owner loses his compensation. The road has been made, and the town has the benefit of it; the proceedings in assessing the damages were substantially correct. In its discretion, the court considers that the writ of *certiorari* ought not to issue. *Petition dismissed.*